Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JORGE LUIS GÓMEZ GOYTÍA, BÁRBARA PIÑA LABRADA<br><br>Peticionarios<br><br>*EX PARTE* | TA2025CE00226 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: EDI2005-0815 (610)<br><br>Sobre: Divorcio (Consentimiento Mutuo) |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Barbara Piña Labrada (señora Piña Labrada o peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 24 de abril de 2025, notificada el 19 de mayo siguiente. Mediante este dictamen, el foro primario ordenó que, en un término de veinte (20) días, las partes presentaran, en conjunto, un tasador y un corredor de bienes raíces y; de no llegar a un acuerdo, tres (3) alternativas de cada uno.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

El 8 de julio de 2005, mediante Sentencia, el TPI acogió un acuerdo de divorcio por consentimiento mutuo. En consecuencia, se disolvió el matrimonio entre la señora Piña Labrada y el Sr. Jorge Gómez Goytía (señor Gómez Goytía o el recurrido). Así,

también, como parte del acuerdo acogido por el foro primario, se establecieron la custodia, la patria potestad, las relaciones paternofiliales, la pensión alimenticia y la disposición de los bienes y responsabilidades gananciales. Respecto a los bienes gananciales, se ratificó el acuerdo entre las partes en cuanto a que el inmueble localizado en la Urb. Condado, Calle Gardenia H-41, en Caguas, Puerto Rico, permanecería a nombre de ambos, pero constituiría el hogar de la peticionaria y el de la hija de ambos. A su vez, y en lo aquí pertinente, se acordó que:

> "En caso de que la co-peticionaria decida vender la propiedad, la misma no podrá venderse a un precio menor de CIENTO CATORCE MIL D[Ó]LARES ($114,000.00), teniendo el co-peticionario una participación en el inmueble hasta ese valor. (. . .)".[1]

El 3 de enero de 2024, casi diecinueve (19) años más tarde, el señor Gómez Goytía presentó ante el TPI un escrito intitulado *Moción Solicitando de Ejecución de la Sentencia sobre Liquidación de Bienes Conforme la Sentencia de Divorcio Habida entre las Partes de Epígrafe.* En síntesis, alegó que la hija de ambos advino a la mayoría de edad, sin incapacidad alguna, por la que amerite la protección sobre el inmueble. Así también, manifestó su indisposición a permanecer en comunidad proindiviso.

Luego de varios trámites procesales, innecesarios pormenorizar, el 24 de abril de 2025, el foro primario emitió la *Orden* recurrida, notificada el 19 de mayo de 2025. En esta, expresó que:

> NO HABIENDO LA COPETICIONARIA PRESENTADO SU R[É]PLICA FUNDAMENTADA DENTRO DEL T[É]RMINO CONCEDIDO PARA ELLO, SE CONCEDE UN T[É]RMINO DE 20 DÍAS A LAS PARTES PARA PRESENTAR UN TASADOR Y UN CORREDOR DE BIENES RAICES EN CONJUNTO. DE NO LOGRAR UN ACUERDO DEBER[Á]N PRESENTAR 3 ALTERNATIVAS DE CADA UNO, SO PENA DE SANCIONES.[2]

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, Anejo intitulado SENTENCIA, a la pág. 2.
[2] Véase, el SUMAC TA, Entrada núm. 1, Anejo 7.

En desacuerdo con la determinación, el 2 de junio de 2025, la peticionaria presentó una reconsideración. En la moción arguyó que las partes, habían acordado en el 2005, ratificado mediante sentencia del tribunal, que la decisión sobre la liquidación de bienes era exclusiva de la señora Piña Labrada. Por lo que, habiendo acordado esto, el caso de autos representaba cosa juzgada y; por ende, la solicitud de ejecución de sentencia era, en teoría, una moción de relevo de sentencia presentada tardíamente.

El 4 de junio de 2025, el TPI emitió una *Orden* con relación a la *Moción de Reconsideración*, notificada el 17 de junio, mediante la que determinó que:

> LA SENTENCIA DE 8 DE JULIO DE 2005 NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA, A QUIEN SE LE BRIND[Ó] LA OPORTUNIDAD DE FUNDAMENTAR SU POSICI[Ó]N EN DERECHO, OPTANDO POR NO HACERLO DENTRO DEL EXTENSO T[É]RMINO CONCEDIDO PARA ELLO. SE LE CONCEDEN 10 D[Í]AS A LA CO PETICIONARIA PARA PROVEER LA DECLARACI[Ó]N JURADA A LA QUE HACE REFERENCIA Y ACLARAR SI LA HIJA DE LAS PARTES CONTRAJO MATRIMONIO Y EL TRIBUNAL DISPONDR[Á].[3]

El 27 de junio de 2025, el foro primario emitió una Orden relacionada a (1) moción en cumplimiento de orden y (2) moción en cumplimiento y desestimación, mediante la cual resolvió definitivamente la reconsideración.[4] Esta fue notificada el 1 de julio de 2025 y allí, el foro primario estableció que:

> 1. ENTERADO. SIN EMBARGO, LO INFORMADO NO CUMPLE EN SU TOTALIDAD CON LA ORDEN DEL 24 DE ABRIL DE 2025.
>
> 2. LA DECLARACION JURADA PRESENTADA ES DE FECHA ANTERIOR A LA SENTENCIA EMITIDA EN EL PRESENTE CASO, POR LO QUE SE DELCARA **NO HA LUGAR LA RECONSIDERACI[Ó]N** PRESENTADA POR LA CO PETICIONARIA., [sic] CUMPLAN LAS PARTES CON LA ORDEN DE 24 DE ABRIL, NOTIFICADA EL 19 DE MAYO DE 2025. (Énfasis nuestro)

---

[3] Véase, el SUMAC TA, Entrada núm. 1, Anejo 8.
[4] Advertimos que la peticionaria no presentó ante este foro apelativo las mociones y escritos a los que hace referencia la determinación del TPI.

Aún inconforme con la determinación, la peticionaria acude ante este foro apelativo imputándole al TPI haber incurrido en los siguientes errores:

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RELEVAR UNA SENTENCIA POR ENTENDER UN NUEVO JUEZ DE SALA QUE LA SENTENCIA EMITIDA HACE 19 AÑOS "NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA".

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DEJAR SIN EFECTO UN ACUERDO ENTRE PARTES 19 AÑOS DESPU[É]S PORQUE ENTENDI[Ó] EL NUEVO JUEZ DE SALA SIN VISTA, SIN ESCUCHAR PRUEBA, QUE EL ACUERDO ENTRE PARTES "NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA".

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL REVOCAR POR RESOLUCI[Ó]N INTERLOCUTORIA EL CRITERIO, OBSERBANCIA, DE UNA JUEZA ANTERIOR QUE CELEBR[Ó] VISTA, ESCUCH[Ó], AQUILAT[Ó] PRUEBA Y QUED[Ó] CONVENCIDA QUE LA VOLUNTAD DE LAS PARTES FUE QUE LA PROPIEDAD HABIDA EN EL MATRIMONIO SE LIQUIDE CUANDO LA COPETICIONARIA LO DESEE, SIMPLEMENTE PORQUE PARA UN NUEVO JUEZ EL ACUERDO Y SENTENCIA "NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA".

> INCIDI[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR JURISDICCI[Ó]N CUANDO NO LA TIENE.

El 18 de agosto de 2025, emitimos una *Resolución* concediéndole el término de diez (10) días a la parte recurrida para presentar su oposición. El 28 de agosto siguiente, se cumplió con lo ordenado. Así, nos damos por cumplidos y, a su vez, decretamos perfeccionado el recurso.

Analizados las comparecencias de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335

(2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314,

334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**III.**

En esencia, la peticionaria arguyó que el TPI incidió al emitir determinación mediante la que, a su entender, representa un relevo de sentencia implícito. Además, arguyó que el foro revisado carece de jurisdicción e incidió al razonar que el fundamento de la peticionaria no tiene el alcance que ella pretende.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De una lectura de la referida norma, surge que no se encuentran presentes los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

De entrada, puntualizamos que, en sus primeros tres señalamientos de error, en esencia, la peticionaria cuestiona lo dictaminado por el TPI en la Orden emitida el 4 de junio, notificada el 17 posterior. Más aún, esta hace referencia a la primera oración del dictamen en la que el foro revisado expresó "LA SENTENCIA DE 8 DE JULIO DE 2005 NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA...".

Sin embargo, no podemos obviar que la señora Piña Labrada, toma como punto de partida para computar el término de alzada para recurrir ante nos, la determinación del 1 de julio de 2025, la que resuelve la moción de reconsideración presentada el 2 de junio refutando lo dispuesto en la *Resolución* del 19 de mayo. Por lo que, esta última es la determinación de la que realmente se recurre.

Por otra parte, en la narración de hechos detallada en el escrito ante nos, la peticionaria asume que, en la determinación del 19 de mayo de 2025, el TPI resolvió que:

> LA SENTENCIA DE 8 DE JULIO DE 2005 NO TIENE EL ALCANCE QUE PRETENDE LA COPETICIONARIA, A QUIEN SE LE BRIND[Ó] LA OPORTUNIDAD DE FUNDAMENTAR SU POSICI[Ó]N EN DERECHO, OPTANDO POR NO HACERLO DENTRO DEL EXTENSO T[É]RMINO CONCEDIDO PARA ELLO. SE LE CONCEDEN 10 D[Í]AS A LA CO PETICIONARIA PARA PROVEER LA DECLARACI[Ó]N JURADA A LA QUE HACE REFERENCIA Y ACLARAR SI LA HIJA DE LAS PARTES CONTRAJO MATRIMONIO Y EL TRIBUNAL DISPONDR[Á].[5]

Sin embargo, ello resulta ser incorrecto ya que, como detallamos previamente, en la *Orden* recurrida del 24 de abril de 2025, notificada el 19 de mayo siguiente, el TPI razonó que:

> NO HABIENDO LA COPETICIONARIA PRESENTADO SU R[É]PLICA FUNDAMENTADA DENTRO DEL T[É]RMINO CONCEDIDO PARA ELLO, SE CONCEDE UN TERMINO DE 20 D[Í]AS A LAS PARTES PARA PRESENTAR UN TASADOR Y UN CORREDOR DE BIENES RAICES EN CONJUNTO. DE NO LOGRAR UN ACUERDO DEBER[Á]N PRESENTAR 3 ALTERNATIVAS DE CADA UNO, SO PENA DE SANCIONES.[6]

Así pues, con intención o por inadvertencia, se le atribuye a la *Orden* del 19 de mayo lo resuelto en el dictamen del 17 de junio.[7] Al respecto, reiteramos que, en la argumentación del recurso, para los primeros tres (3) señalamientos de error, hace alusión a parte de lo determinado en esta última decisión, según anteriormente especificamos.

Por otro lado, en su cuarto señalamiento de error, la peticionaria arguyó que erró el TPI al asumir jurisdicción cuando no la tenía. Ello, tras entender que la solicitud del recurrido representaba una solicitud de relevo de sentencia instada casi 19 años posteriores a la emisión de la *Sentencia* del 18 de mayo de 2005.

Conforme al análisis minucioso del expediente apelativo, y según establece el recurrido, no cabe duda que el caso de autos versa sobre una solicitud de ejecución de sentencia instada por el recurrido ante el foro *a quo* a base del Artículo 334 del Código Civil

---

[5] Véase, el recurso de *Certiorari*, SUMAC TA, Entrada núm. 2, a la pág. 11.
[6] Véase, el SUMAC TA, Entrada núm. 1, Anejo 7.
[7] *Íd.*, Anejo 8.

de 1930, 31 LPRA sec. 1279.[8] En su escrito intitulado *Alegato del Peticionado-Apelado*, el señor Gómez Goytía resalta nuevamente que su único interés es la liquidación y división de la comunidad de bienes en la que tiene participación como comunero en conjunto con la peticionaria.[9] Al respecto, tomamos conocimiento judicial del caso CG2020CV01854 instado por la señora Piña Librada, el 10 de septiembre de 2020, en contra del peticionario ante el Tribunal Superior de Caguas, sobre liquidación de comunidad de bienes post gananciales que mantiene con este. Mediante la Sentencia dictada el 5 de octubre de 2023, notificada el 12 posterior, el tribunal decretó desestimar el caso ante la falta de jurisdicción. Esto, al razonar que las partes deben acudir ante la Sala de Familia para solicitar la ejecución de la Sentencia de Divorcio dictada en el caso ante nos (EDI2015-0815).

Por su parte, en nuestro ordenamiento jurídico, incluso, bajo el derogado Código Civil de 1930,[10] se establece que ningún comunero está obligado a permanecer en comunidad. Así, cualquier copropietario de la cosa común puede solicitar, en cualquier momento, la división o liquidación de la comunidad proindiviso salvo las excepciones reconocidas en la norma. A su vez, se permite el pacto para conservar la cosa indivisa por tiempo determinado, que no debe exceder de diez (10) años que podrá ser prorrogado por un nuevo acuerdo. A su vez, en el Artículo 851 del Código Civil de 2020, 31 LPRA sec. 8224, se dispone que dicho pacto inicial será por un plazo no mayor de cuatro (4) años prorrogable a igual término.

De otro lado, no surge del trámite judicial que el TPI haya emitido una determinación final en la que ordene la venta del

---

[8] Véase, además, la Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 51.1.

[9] Véase, el alegato en oposición, SUMAC TA, Entrada núm. 5.

[10] Véase, además, el Artículo 850 del Código Civil de 2020, 31 LPRA sec. 8223.

inmueble. Todo lo contrario, hasta el momento, se ha limitado a solicitarle documentos a las partes por lo que ordenó el cumplimiento de la *Orden* recurrida.

En fin, examinada la determinación impugnada a la luz de las disposiciones de la Regla 40 de nuestro Reglamento, *supra*, y ante la ausencia de prejuicio, parcialidad o error en la aplicación de una norma jurídica estamos impedidos de variar el dictamen cuya revisión se nos solicita. Tampoco quedó demostrado que nuestra intervención, en esta etapa de los procedimientos, evitaría un fracaso de la justicia

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones